BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff
75 South Broadway, 4th Floor
White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
A.S.A. MANAGEMENT, CORP. d/b/a             :
SEA SHIPPING LINE,                         :   Docket No. 1:22-cv-10608
                                           :
            Plaintiff,                     :
                                           :   **COMPLAINT**
        -v-                                :
                                           :
LCL SHIPPING USA, INC. d/b/a               :
CARGO PLANET LOGISTICS,                    :
                                           :
            Defendant.                     :
------------------------------------------------------- X

Plaintiff, A.S.A. Management, Corp. d/b/a Sea Shipping Line (hereinafter "SSL" or "Plaintiff"), having its principal place of business at 114 Maple Avenue, Red Bank, New Jersey, by way of complaint against LCL Shipping USA, Inc. d/b/a Cargo Planet Logistics says:

**PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business in Red Bank, New Jersey. Plaintiff also maintains an office at 11479 W. 190th Street, Suite 2130, Gardena, California 90248.

2. At all times and dates hereinafter mentioned, defendant LCL Shipping USA, Inc. d/b/a Cargo Planet Logistics ("Cargo Planet" or "Defendant") was and still is a

domestic corporation, existing under the laws of the State of California, and was engaged in the business of exporting goods through the Port of Long Beach, California.

3. At all times and dates hereinafter mentioned, Plaintiff and Defendant were parties to certain maritime contracts providing for the carriage of goods by sea. Such contracts contain forum selection clauses designating this Court as the sole forum for the adjudication of disputes arising thereunder (the "Forum Selection Clauses").

## JURISDICTION

4. This Court has jurisdiction over the defendant pursuant to 28 U.S.C. § 1333.

5. Venue is proper in this Court pursuant to law by virtue of the Forum Selection Clauses.

6. This is an admiralty case within the meaning of Fed. R. Civ. P. 9(h).

## FACTS

7. At all times relevant hereto, Plaintiff was the carrier of certain cargo shipped in accordance with the terms of a Bill of Lading, a copy of which is attached hereto as Exhibit A (the "Bill of Lading").

8. At all times relevant hereto, Defendant was the shipper of certain cargo under the terms and conditions of the Bill of Lading, which appear on page 2 of Exhibit A.

## AS AND FOR A CAUSE OF ACTION
## AGAINST DEFENDANT CARGO PLANET
## (BREACH OF CONTRACT)

9. Plaintiff repeats and realleges each and every allegation set forth above as if set forth fully herein.

10. In accordance with the Bill of Lading, Plaintiff carried the cargo on behalf of Defendant.

11. Defendant failed to pick up or claim the cargo shipped under the Bill of Lading during the free time provided by the carriers under the terms of the Bill of Lading.

12. In accordance with the terms of the Bills of Lading, Defendant owes Plaintiff demurrage and other related charges, including without limitation attorneys fees, as a result of Defendant's breach, to wit, the failure to pick up the cargo during the free time provided by the carriers. A copy of Plaintiff's invoice directed to Defendant for demurrage and other related charges is attached hereto as Exhibit B.

13. Although due and duly demanded, Defendant has failed to pay Plaintiff the demurrage and other related charges arising out of the contract of carriage, i.e., the Bill of Lading.

14. As a result of Defendant's breach of contract, Plaintiff has sustained and continues to sustain damages including demurrage and other related charges in the amount of $ 21,633.80, plus attorneys fees and legal costs in the current amount of

approximately $2,500.00, some of which continue to be incurred and accrue, and all of which is recoverable under the terms of the Bills of Lading and Plaintiff's tariff.

WHEREFORE, Plaintiff demands a judgment against defendant(s) for demurrage and other related charges in the amount of $ 21,633.80, plus attorneys' fees, costs, disbursements and pre-judgment interest in an amount not less than $2,500.00 to be determined by the Court, and for such other, further, and different relief as the Court deems just and proper.

Dated:   December 15, 2022
        White Plains, New York

                              BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
                              Attorneys for Plaintiff

                By   s/ Alton J. Evans, Jr.
                              Alton J. Evans, Jr. (AE 6565)
                              75 South Broadway, 4th Floor
                              White Plains, New York 10601